(34 App. Div. 49.)

### SCHOOL BOARD OF BOROUGH OF BROOKLYN v. BOARD OF EDUCATION OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. November 3, 1898.)

GREATER NEW YORK—APPORTIONMENT OF SCHOOL FUND.

Under Greater New York Charter (Laws 1897, c. 378, § 11), providing that the board of apportionment shall, out of the residue of the various funds raised for the support of the various schools of the city during the year 1898, "constitute from and after July 1, 1898, the special school fund and the general school fund for the year 1898, so that the schools of the city may begin in the autumn of the year 1898, to be conducted upon the basis of this division of funds, and in general upon the system herein-after prescribed in this act," the division of funds being the division directed by section 1065 of the charter, it is the evident intent of the legislature that the system shall be adopted on and after July 1, 1898.

Appeal from special term, Kings county.

Application by the school board of the borough of Brooklyn for a peremptory writ of mandamus against the board of education of the city of New York and others. From an order of the special term (53 N. Y. Supp. 1000) granting the writ, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

E. Ellery Anderson, for appellants.

Ira Leo Bamberger and J. Edward Swanstrom, for respondent school board of borough of Brooklyn.

WILLARD BARTLETT, J. The thorough and satisfactory discussion which this case received in the opinion of the learned judge who heard it at special term has left us little to do. In affirming the order appealed from, upon the grounds stated in that opinion, we deem it necessary to add only one or two observations suggested by the oral argument of counsel in this branch of the court.

In behalf of the appellants, much emphasis is laid upon the injustice of distributing the general school fund at this time upon the basis prescribed by section 1065 of the Greater New York charter, because it is said that although section 901 provides for a rectification of the inequalities between the several boroughs by means

of the budget and tax levy of 1899, the teachers, janitors, and clerks in the boroughs of Manhattan and the Bronx, Queens, and Richmond will meantime be deprived of part of their salaries. Such a result, however, seems to be inevitable, under the system of apportioning the general school fund prescribed by section 1065 of the charter, so long as the conditions remain substantially the same in the respective boroughs in regard to the number of qualified teachers, and the aggregate number of days of attendance by the pupils. This is true whether it be held that the charter require that apportionment to begin on July 1, 1898, or not until January 1, 1899. If it appeared that the apportionment would produce evils, assuming the system to go into effect in July, 1898, but would produce no similar evils, assuming that it did not take effect until January, 1899, that fact would be a legitimate argument in favor of adopting the latter view, in case the question was fairly debatable; but when we find that the unfortunate consequence is inherent in the system, as applied to existing conditions, whenever that system shall take effect, we cannot recognize in it any reason for hesitating to permit the system to go into operation at once. And that the legislature intended to establish the new system complete on and after July 1, 1898, the language of the Greater New York charter leaves little room for doubt. Indeed, it is seldom that the legislative intent as to the time when a statutory change shall take effect is so clearly and unequivocally manifested as it is in this case:

"The board of estimate and apportionment shall, out of the residue of the various funds raised for the support of the public schools of the different parts of the city during the year 1898, constitute from and after July 1st, 1898, the special school fund and the general school fund for the year 1898, so that the schools of the city may begin in the autumn of the year 1898, to be conducted upon the basis of this division of funds, and in general upon the system hereinafter prescribed in this act." Greater New York Charter (Laws 1897, c. 378, § 11).

The division of funds thus mentioned is the division directed by section 1065 of the charter. This seems so plain that we should not be justified in adopting any other construction, even if the consequences involved greater inequalities in the receipts of the several boroughs than those which will actually ensue. The remedy for such results must be sought from the legislature. Where the intention of the lawmakers can be ascertained as readily as it seems to be ascertainable in this case, the courts have only to declare it, and leave those whose interests demand different legislation to seek it from the lawmaking branch of the government.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.